UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENNIS A. VASQUEZ,

                    Plaintiff,

        -against-

ANDERSON; CORRECTIONS OFFICER D. FRANCIS; OPOKU,

                    Defendants.

25-CV-7635 (JGLC)

ORDER OF SERVICE

---

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who is currently incarcerated at Clinton Correctional Facility, brings this action *pro se*.[1] He asserts claims, under 42 U.S.C. § 1983, for deliberate indifference to a serious risk of harm to him from disclosures that Defendants allegedly made on May 13, 2025, to another person in custody at Green Haven Correctional Facility. By order dated September 17, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[2]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[1] This action was originally filed in the United States District Court for the Northern District of New York, which transferred it here. ECF No. 4.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.    Claims against Defendant Opoku**

To state a claim under Section 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (internal quotation marks omitted) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). Plaintiff names Correction Officer Opoku as a defendant in the caption of the complaint and in the list of defendants but does not otherwise mention him in the body of the complaint.

Plaintiff does not allege any facts showing how Defendant Opoku was personally involved in the events underlying Plaintiff's claims, or what he personally did or failed to do that violated Plaintiff's rights. Plaintiff's claims against Defendant Opoku are therefore dismissed, without prejudice to repleading, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Service on Defendants Anderson and Francis**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Anderson and D. Francis through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Under *Valentin v. Dinkins*, a *pro se* litigant is also entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). If either defendant cannot be served because of insufficient information about their name or badge number, the Court directs the New York State Attorney General—which is the attorney for and agent of the New York State Department of Corrections and Community Supervision—to promptly ascertain the full name and badge number of each John Doe whom Plaintiff seeks to sue here, as well as the address where the defendant may be served, and provide this information to Plaintiff and the Court.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claims against Defendant Opoku. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses for Defendants Anderson and D. Francis, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to mail a copy of this Order and the complaint to the New York State Attorney General at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   September 19, 2025
         New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Correction Officer Anderson
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582

2. Correction Officer D. Francis
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582